UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-105 |
| | ) | |
| MALIK D. HARDIN, | ) | (VARLAN/GUYTON) |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on remand from the Court of Appeals for the Sixth Circuit [Doc. 87]. On February 22, 201l, Malik D. Hardin moved the Court for return of $2,884 in United States currency seized from him at the time of his arrest. Hardin also requested interest on this money. Two months later, Hardin moved [Doc. 82] for a hearing on his motion for the return of his property. These motions were referred [Doc. 84] to the undersigned. On May 2, 2012, the Court ruled [Doc. 85] that the property sought had been forfeited and denied both motions. The Defendant appealed to the Court of Appeals for the Sixth Circuit. The appellate court held [Doc. 87] that the undersigned failed to make factual findings on (1) whether federal agents or the Knoxville Police Department (KPD) seized the Defendant's money, and (2) whether the Defendant forfeited the money to the KPD. It determined that the failure to hold a hearing or to take evidence on the disputed factual issues was an abuse of discretion, vacated the ruling, and remanded the case for further proceedings consistent with its order. Accordingly, the Defendant's request for the return

1

of $2,884 plus interest or for other equitable relief is again before this Court.

Rule 41(g), formerly Rule 41(e), of the Federal Rules of Criminal Procedure provides, in pertinent part, that "[a] person aggrieved by an unlawful search and seizure of property . . . may move for the property's return . . . in the district where the property was seized." The Rule also states that "[t]he court must receive evidence on any factual issue necessary to decide the motion." With regard to notice of forfeiture of property, "the Due Process Clause . . . requires only that the Government's effort [to notify a party of forfeiture proceedings] be 'reasonably calculated' to apprise a party of the pendency of the action[.]" Dusenbery v. United States, 534 U.S. 161, 170 (2002).

In the instant case, the Government has argued [Doc. 83] that the currency sought by the Defendant was seized by the KPD on August 29, 2005, and that the Defendant was given notice on that day of the fact of the seizure and of how to contest the forfeiture of the currency. The Government argues that because Hardin did not contest the forfeiture, the currency was administratively forfeited to the KPD on December 2, 2005, pursuant to Tennessee law.

Based upon the testimony received at the suppression hearing on March 17, 2006,[1] the Court finds that Hardin was arrested on August 29, 2005, by three KPD officers and a United States Deputy Marshal. At the time of Hardin's arrest, Deputy Marshal Jason Tarwater searched Hardin's person and removed around $2,000 in currency. What became of the currency taken from Hardin's person was not disclosed at the suppression hearing. Because the Court must make factual findings regarding the status of the $2884 in currency, the Government is **DIRECTED** to supplement its response [Doc. 83] with any evidence or documentation that it has of the following:

(1) Which law enforcement agency seized the currency on August 29,

---

[1] This testimony is recounted in the Court's Report and Recommendation [Doc. 34] on the suppression issues, which was filed on March 29, 2006.

2005,

(2) How was Hardin notified of the potential forfeiture of the currency and the means of contesting said forfeiture,[2]

(3) Whether Hardin contested or failed to contest the forfeiture of the currency, and

(4) The manner in which the administrative forfeiture of the currency was accomplished.

Additionally, the Government is to provide citation to the applicable law–federal or state–under which the forfeiture was accomplished. The deadline for the Government to supplement its response as outlined herein is **June 28, 2013**. Once the Government supplements its response, Hardin has until **July 26, 2013**, to file a reply to the Government's response and/or to provide any additional evidence that he wants the Court to consider. The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to the Defendant at the address listed on the letter attached to the Court of Appeals' ruling [Doc. 87] and to the Defendant's local address.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge

---

[2]The Court notes that Hardin initially appeared and was arraigned in this case on September 8, 2005. Hardin was detained at that hearing and remained in federal custody through the ultimate dismissal of his case on February 9, 2009.